UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CESAR DE LEON MORILLO,

                            Petitioner,

           v.                                          9:06-CV-340
                                                                     (NAM)(DEP)

DHS & BICE DETENTION CENTER;
THOMAS HOGAN, Warden,

                            Respondents.

APPEARANCES:

CESAR DE LEON MORILLO
Alien Registration # 90 275 698
Petitioner *pro se*

NORMAN A. MORDUE, Chief United States District Judge

**DECISION AND ORDER**

      Currently before the Court is Petitioner Cesar De Leon Morillo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Dkt. No. 1. When Petitioner mailed this Petition to the Court, he was apparently confined at York County Prison in York, Pennsylvania. Dkt. No. 1 at 1. Petitioner seeks review of his order of deportation or removal.[1] Dkt. No. 1. Specifically, Petitioner states that he "is contesting the charges of deportability brought against him by Immigration and Custom Enforcement...." *Id*.

      On May 11, 2005, Congress enacted the Real ID Act (the "Act"), which became effective that same day. *See* Real ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Section 106 of the Act amended 8 U.S.C. § 1252 by adding the following jurisdictional provision:

           (5) Exclusive means of review

---

[1] The Petition was postmarked on March 14, 2006. It now appears that Petitioner was deported to the Dominican Republic on March 14, 2006 -- the same day that his petition was postmarked for mailing to the Court. Dkt. No. 4.

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[2] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this chapter, . . .

8 U.S.C. § 1252(a)(5).[3]

Thus, to the extent that Petitioner is directly or indirectly challenging his removal order, he may not do so in this Court. *See Munoz v. Gonzalez*, No. 05 Civ. 6056, 2005 WL 1644165, *1 (S.D.N.Y. July 11, 2005) (district court lacks jurisdiction to review merits of a petition challenging a removal order or to stay the order of removal); *Robinson v. Mule*, 05-CV-0536A, 2005 WL 1971893, *1 (W.D.N.Y. Aug. 15, 2005) (same); *McDonald v. Mule*, No. 05-CV-6367, 2005 WL 1971896, *1 (W.D.N.Y. Aug. 9, 2005) (same).

Moreover, to the extent that Petitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request. As one court in this Circuit recently noted, "[b]y depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases. Under INA §

---

[2] The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). In this case, Petitioner has not provided the Court with sufficient information concerning the location of his immigration proceedings. It appears however that the immigration proceedings may have taken place in Pennsylvania. Dkt. No. 1 at 2.

[3] The Real ID Act also provides that, if any case brought pursuant to 28 U.S.C. § 2241 challenging a final order of removal, deportation and exclusion "is **pending** in a district court" on the date the Act became effective – May 11, 2005 – "then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed . . . ." Real ID Act of 2005, Pub. L. No. 109-13, Div. B, Title I, § 106(c), 119 Stat. 311 (2005) (emphasis added). This petition is deemed filed on March 13, 2006, the date Petitioner signed the petition. *See* Dkt. No. 1 at 5; *see also Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (a complaint filed by an inmate is deemed "filed" when it is delivered to prison officials). Therefore, because this petition was **not pending** on May 11, 2005, this Court has no authority to transfer this petition to the appropriate court of appeals.

242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that may issue a stay is the court that will issue a 'decision on the petition.'" *Rodney v. Gonzalez*, No. 05 CV 3407, 2006 WL 73731, *2 (E.D.N.Y. Jan. 10, 2006); *see also Munoz*, 2005 WL 1644165, at *1 (effective May 11, 2005, a district court lacks jurisdiction to stay an order of removal).[4]

Accordingly, for all the above-stated reasons, the Court dismisses the petition without prejudice to Petitioner refiling it in the appropriate court of appeals.

**B.   Petitioner's *in forma pauperis* application**

Since this action is dismissed, Petitioner's *in forma pauperis* application is **denied** as moot.

**WHEREFORE**, it is hereby

**ORDERED**, that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his removal is **DENIED AND DISMISSED WITHOUT PREJUDICE** to Petitioner refiling the petition in the appropriate Circuit Court of Appeals; and it is further

**ORDERED**, that Petitioner's request to proceed with this action *in forma pauperis* is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Petitioner.

**IT IS SO ORDERED**

DATE:  April 17, 2006

_____
Norman A. Mordue
Chief United States District Court Judge

---

[4] Even if this Court had jurisdiction over any of Petitioner's claims, Petitioner has not established that venue is proper in this District.  Generally a § 2241 petition is brought in the district in which the petitioner is incarcerated. *See Excellent v. Ashcroft*, 359 F. Supp. 2d 333, 336 n.3 (S.D.N.Y. 2005).  As noted, it appears that when Petitioner submitted this petition, he was detained in York, Pennsylvania which is not located within the Northern District of New York.